# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50240
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 6, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PAUL DAVID COPELAND, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:12-CR-127-1

Before STEWART, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

A grand jury charged Paul David Copeland, Jr., with 78 counts of possessing pseudoephedrine knowing, or having reasonable cause to believe, that the pseudoephedrine would be used to manufacture methamphetamine; with one count of conspiracy to manufacture methamphetamine, and to purchase pseudoephedrine with the intent to manufacture methamphetamine;

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and with one count of attempting to manufacture methamphetamine. Following a trial, a jury found Copeland guilty on all counts. The district court sentenced him to 240 months of imprisonment on each count, all to be served concurrently to each other and to his state sentence.

Copeland timely appealed and, having preserved the issue in district court, now challenges the legal sufficiency of the evidence supporting his conviction on every count. *See United States v. Ollison*, 555 F.3d 152, 158 (5th Cir. 2009). The evidence at trial showed that Copeland purchased medications containing pseudoephedrine 145 times between 2006 and 2011. Further evidence showed that a truck with a camper shell and a trailer, both owned or used by Copeland, contained numerous items and chemicals used to manufacture methamphetamine. Several witnesses testified that they had provided Copeland with medications containing pseudoephedrine in exchange for cash and/or the manufactured methamphetamine. Joseph Miles testified not only that he had provided Copeland with pseudoephedrine-containing medications, but also that he had seen Copeland make methamphetamine and that Copeland attempted to teach him to make it. Miles's wife testified that she had provided Miles and Copeland with pseudoephedrine-containing medications and that she believed both were making methamphetamine. An acquaintance testified that Copeland had frequently spoken about making methamphetamine. Viewing the evidence at trial in the light most favorable to the verdict, a reasonable trier of fact could have found that the evidence established beyond a reasonable doubt Copeland's guilt as to each of the charged offenses. *See United States v. Percel*, 553 F.3d 903, 910 (5th Cir. 2008). Accordingly, the judgment of the district court is AFFIRMED.